## *In re* AH JOW.

(*Circuit Court, D. California.* August 23, 1886.)

1. CONSTITUTIONAL LAW—FOURTEENTH AMENDMENT—"DUE PROCESS OF LAW" —ORDINANCE OF CITY OF MODESTO FORBIDDING VISITING PLACE WHERE OPIUM IS SOLD.

    Section 2 of ordinance No. 4 of the city of Modesto, California, providing that "every person who, in the city of Modesto, keeps or maintains any room or other place where opium, or any of its preparations, is sold or given away, and *every person who resorts to, frequents, or visits such room or place, is guilty of a misdemeanor:* provided, that this section shall not apply to the sale or gift of any of the preparations of opium by any druggist for any ailment not caused by the use of opium or any of its preparations," makes it criminal for one to visit such a place, no matter how innocently or how lawful his purpose. It is inconsistent with the law of the land, and is void. Committing one to prison for the offense created, therefore violates the fourteenth amendment of the United States constitution by restraining one of his liberty without due process of law.

2. COURTS—JURISDICTION— FEDERAL COURTS—CASE UNDER CONSTITUTION OF THE UNITED STATES—HABEAS CORPUS.

    Since the ordinance violates an amendment of the United States constitution, a person imprisoned under it will be released by a United States court on *habeas corpus.*

On *Habeas Corpus.*

*W. E. Turner,* for petitioner.

*B. C. Minor,* for respondents.

Before SAWYER, J.

SAWYER, J. The return to the writ shows that petitioner is in custody in pursuance of a judgment upon a conviction upon a complaint charging him with a public offense, to-wit: "Visiting a room kept, in the city of Modesto, by another, where opium was sold." The offense for which the petitioner was convicted, and committed as a punishment, is created by section 2 of ordinance No. 4 of the city of Modesto, which reads as follows:

"Sec. 2. Every person who, in the city of Modesto, opens, keeps, or maintains any room or other place where opium, or any of its preparations, is sold or given away, and *every person who resorts to, frequents, or visits such room or place, is guilty of a misdemeanor:* provided, that this section shall not apply to the sale or gift of any of the preparations of opium by any druggist, for any ailment *not caused by the use of opium.* or any of its preparations."

This language is extremely comprehensive, and embraces every possible case of visiting "such room or place;" no matter whether for a proper and lawful or improper and unlawful purpose; whether the party has knowledge or is ignorant of the character of the "room or place;" whether he visits it innocently or otherwise. Neither knowledge, nor purpose of the visit, is made an element of the offense. The mere fact of going there, without any other element, is made an offense. That the provision was deliberately intended to be thus sweeping and comprehensive is evident from the fact that the provis-

ion in the preceding section, "who visits   *   *   *   any such room or place, for any such purpose, is guilty of a misdemeanor," embraces the purpose, and, necessarily, knowledge of the character of the place, as elements of the offense, and there would be no occasion for section 2, if its provisions are not intended to embrace those cases which do not include knowledge and purpose as elements of the offense.

These places, in view of the ordinance making the keeping of "such room or place" an offense, would be likely to be kept for the purpose secretly, and the general public know nothing about it; especially if "the room or place" be an ordinary drug-store, constantly resorted to for the purchase of other drugs.   Under this section it would not be lawful for any person, whether Caucasian citizen, or other inhabitant, to enter such a place or drug-store for many of the ordinary and proper purposes of life; as to purchase other goods, to collect bills, or transact any legitimate business.   To lawfully prohibit, under penalties, the citizens or inhabitants from entering such a place, innocently, not knowing its character, or for any lawful purpose, and without reference to its object, is, in my judgment, entirely beyond the power of the city of Modesto.   It is to prohibit an act which is innocent in itself, and lawful under the general laws of the land, and therefore inconsistent with the laws of the land.   It is to put an unlawful inhibition upon the inalienable rights and liberties of the citizen; and to commit him to prison for doing so is to restrain him of his liberty without due process of law, in violation of the fourteenth amendment to the national constitution.   *Yick Wo* v. *Hopkins,* · 6 Sup. Ct. Rep. 1070, 1071.

As purpose and knowledge of the character of the place are not made elements of the offense, they cannot be considered, and it cannot be presumed that the petitioner had an unlawful purpose or knowledge.   But we must take the ordinance as we find it, and the offense as stated in the commitment; and under the ordinance we could not discriminate if the facts showing knowledge or purpose did appear; but they do not.   It does not in fact appear but that the petitioner was innocently visiting the room for some proper purpose. But section 2 of the ordinance, I think, is wholly void, as being beyond the power of the city to enact, and the petitioner is restrained of his liberty in violation of the constitution and laws of the United States.   He must therefore be discharged.

The ordinance applies to all citizens, as well as aliens, and deprives them of rights and privileges secured by the constitution and laws of the United States.   If directed only against Chinese, then it would be void under the fourteenth amendment, as discriminating against them.

This section would seem to make it an offense for a wholesale druggist in Modesto to sell opium, or any of its preparations, to a retail druggist of Modesto, or of other parts of the world, for the proper pur-

poses of their business. And it is claimed to be unconstitutional in other particulars, wherein it is too comprehensive, as limiting the use of the drug, as a medicine, for ailments not arising from the use of opium. It is claimed that opium, like spirits, in cases of *delirium tremens*, is often the only medicine that will save the life of a party suffering from excessive prior use. But the point already determined is sufficient for the purposes of this case.

The party being in custody in violation of the constitution of the United States, this court has jurisdiction to discharge him on *habeas corpus*, notwithstanding the fact that he is held by authority of a judgment of a state court, (Rev. St. § 753; *Ex parte Royall*, 117 U. S. 241; S. C. 6 Sup. Ct. Rep. 734;) and the case is one in which this court, in the exercise of a sound discretion, should discharge the petitioner, within the principles announced in that case.

There are no reasons peculiar to the case that would justify putting the party to the expensive and tedious process of pursuing his remedy through all the state courts; and, if necessary, by appeal to the supreme court at Washington, 3,000 miles away. To require this in a case that seems clear would be equivalent to a total denial of justice. It would be far better for the petitioner to suffer the punishment imposed, and serve out his sentence, than to undertake so onerous a task for the vindication of his rights.

Let the petitioner be discharged.