## IN RE MARTIN L. SAPP.

FILED OCTOBER 3, 1907.   No. 15,326.

1. **Cities: POWERS.** A city of the second class cannot by ordinance limit the liberty of its citizens, unless the power to do so is given in its charter.

2. ———: ———. The statutes governing cities of the second class do not confer power upon the mayor and council to prohibit by ordinance the keeping of "card tables" for sale in a place of business, nor to make it unlawful to permit card playing under any and all circumstances "in any place of business or adjacent thereto."

ORIGINAL application for a writ of habeas corpus. *Writ allowed.*

*Adam McMullen* and *L. M. Pemberton,* for petitioner.

*E. N. Kaufman,* contra.

SEDGWICK, C. J.

This application for writ of habeas corpus presents the question of the validity of an ordinance of the city of Wymore. Section 1 of the ordinance in question is as follows: "That it shall be unlawful for any person in the city of Wymore to set up or keep any card table in or adjacent to any place of business or place of public resort,.

or to permit card playing in any place of business or adjacent thereto or place of public resort." The complaint against the petitioner, filed in the police court of the city, charged that on the day named in the complaint, and within the city of Wymore, the defendant "did keep card tables in his place of business, and did permit card playing thereon in his place of business, unlawfully and against the peace and dignity of the people of said city." There was a trial upon this complaint, resulting in the conviction of the defendant, and a fine of $5 and costs. The defendant, having been committed for a failure to pay this fine and costs, made this application to this court for a writ of habeas corpus.

A city of the second class cannot by ordinance limit the liberty of its citizens, unless the power to do so is given in its charter. The city of Wymore is a city of the second class, and we are referred to several sections of the statute governing such cities as containing the power exercised by the city in this case. They are sections 8639, 8642, 8650 and 8723, Ann. St. The first section cited gives the city power "to restrain, prohibit, and suppress billiard tables and bowling alleys kept for public uses, houses of prostitution and unlicensed tippling shops, gambling and gambling houses, and other disorderly houses and practices, and all kinds of public indecencies, and all lotteries or fraudulent devices and practices for the purpose of obtaining money or property." Clearly playing a game of cards for amusement is not within the purview of this section. Section 8650 relates to places of amusement, and gives the city power to determine when such places "are not safe for such uses," and when such places are not provided with sufficient and ample means of exit and entrance, or are not safe as places of amusement, or when the party licensed to conduct such place has been convicted of any violation of the ordinances in relation thereto, the city is given power to revoke the license. Section 8653 confers the power to license, tax, suppress, regulate and prohibit hawkers and others named therein, including "keepers of

ordinaries, theatrical, and other exhibitions, shows, and other amusements, and to revoke such license at pleasure." This section, of course, does not give the city power to suppress all amusements. The words "other amusements" must be construed in the light of the purpose of the section, and must be limited to amusements of the kind and character named in the section. It cannot be extended to include private amusements which are in themselves harmless.

Section 8723 gives the city general power "to make all such ordinances, by-laws, rules, regulations, resolutions not inconsistent with the laws of the state, as may be expedient, in addition to the special powers in this chapter granted, maintaining the peace, good government, and welfare of the corporation, and its trade, commerce, and manufactories." It is contended that this language is broad enough to include the power exercised in enacting the ordinance in question. That part of the ordinance under which this prosecution was brought attempts to make it unlawful to "keep any card table in or adjacent to any place of business or place of public resort, or to permit card playing in any place of business." If a card table was kept for sale in a place of business, it would seem that the ordinance would be violated, and to allow a game of cards for amusement after business hours, when the building was closed and no other persons present except those engaged in the amusement, would seem also to be a violation of the ordinance. Such regulations cannot be included in the general power to maintain "the peace, good government and welfare of the corporation, and its trade, commerce and manufactories." If card playing in privacy for amusement only can be prohibited, then any other kind of amusement under the same circumstances might be prohibited also. It may be doubted whether such legislation would be within the power of the state itself, and the statutes referred to cannot be construed as an attempt to confer such power upon the city authorities.

The ordinance being void, the court was without jurisdiction, and the petitioner unlawfully restrained of his liberty.

PETITIONER DISCHARGED.