CITY OF CARTHAGE, Appellant, v. MOSES BLOCK, Respondent.

**Springfield Court of Appeals, December 6, 1909.**

1. **MUNICIPAL CORPORATIONS: Police Regulations: Personal Liberty: Ordinance Prohibiting Drinking in Stairway Held Invalid.** An ordinance of a city of the third class which prohibits persons from drinking any intoxicating liquors in any quantity in any stairway, areaway, street, avenue or alley, or on any sidewalk in the city held invalid, because, by including stairways and areaways, drinking on private property and in places not open to the public was prohibited—an encroachment upon private rights and personal liberty, which the courts will not permit.

2. ———: ———: **Ordinances Authorized Under the General Welfare Clause.** Ordinances relating to the comfort, health, good order, convenience and general welfare of the inhabitants are regarded as the exercise of police regulation; and the right to enact such ordinances, even though the particular subject may not be specifically mentioned in the statute, is conferred on cities of the third class by the general welfare clause in section 5834, Revised Statutes 1899.

3. ———: ———: ———: **Ordinances Subject to the Construction of the Courts.** Notwithstanding the ample power given the city council to pass ordinances for the good government of the city and the preservation of the peace and good order, such ordinances are always subject to the construction of the courts and the courts are required to inquire into the reasonableness of such ordinances to a greater extent than in the case of statutes. Municipalities may not unduly interfere with the liberty of the citizen by ordinance forbidding acts not unlawful or wrongful *per se*.

4. ———: ———: ———: **Entire Ordinance Void When Invalid Portion is Integral Part of Whole.** A city of the third class may prohibit by ordinance the public drinking of intoxicating

liquors as a beverage on its public sidewalks, provided such ordinances are properly guarded; but when the ordinance also inhibits drinking on private property, and the provisions of the ordinance, as in this case, are so closely related and integrated into one constituent whole, that no separation of the good from the bad can be undertaken, the whole ordinance must be declared void.

Appeal from Jasper Circuit Court.—*Hon. Howard Gray,* Judge.

AFFIRMED.

*J. D. Harris* and *Perkins & Blair* for appellant.

(1)   The city of Carthage, being a city of the third class, has the power under the general welfare clause of its charter to enact the ordinance in question. R. S. 1899, sec. 5834; Lebanon v. Gordon, 99 Mo. App. 277; Green City v. Holsinger, 76 Mo. App. 567; St. Louis v. Schoenbusch, 95 Mo. 618; St. Louis v. Bentz, 11 Mo. 61; St. Louis v. Cafferata, 24 Mo. 94; Gallatin v. Tarwater, 143 Mo. 40.   (2)   The ordinance is, under the law, presumed to be valid. All doubts must be resolved in favor of its validity. Sedalia ex rel. v. Smith, 104 S. W. 15; Stafford v. Railway, 110 Wis. 331; Railway v. Carlinville, 103 Ill. App. 251.   (3)   When the ordinance contains provisions prohibiting several acts, some of which were beyond the power of the city to prohibit, and some of which were within the power of the city to prohibit, the court may eliminate the invalid parts and uphold the valid parts. St. Louis v. Railroad, 89 Mo. 44; Tarkio v. Cook, 120 Mo. 1; State v. Clark, 54 Mo. 17; State v. Bockstruck, 136 Mo. 335.

*J. H. Bailey* and *R. A. Mooneyham* for respondent.

(1)   Municipal corporations possess and can exercise only such powers as are granted in express words or those necessarily incident to or implied in the powers expressly granted. Knox City v. Thompson, 19 Mo. App.

523; State ex rel. v. Wilder, 200 Mo. 97; Joplin v. Jacobs, 119 Mo. App. 134. (2) The ordinance in question so far as it undertakes to prohibit the drinking of beer, etc., on the streets or in other public places within the City is void because it exceeds the power vested in the city council. State v. Hammond, 40 Minn. 43; Owensboro v. Sparks, 99 Ky. 351. (3) When the municipal authorities have no power to make municipal regulations it is void, although it is reasonable, just and proper in itself and even necessary for the preservation of peace and good order. Taylor v. Dist. of Columbia, 24 App. D. C. 392; Am. Dig. 1905-B, p. 2943, sec. 191. (4) It is the contention of respondent that the courts have always held such ordinances too general and unreasonable, and therefore void. St. Louis v. Fitz, 53 Mo. 582; St. Louis v. Roche, 128 Mo. 541; Ex parte Smith, 135 Mo. 223; St. Louis v. Gloner, 210 Mo. 502; Perry Gastineau v. Commonwealth of Kentucky, 56 S. W. 705; 49 L. R. A. 111; Hechinger v. Mayesville, 57 S. W. 619; 49 L. R. A. 114; In re Ah Jow, 29 Fed. 181; In re Martin L. Sapp, 113 N. W. 261, 12 L. R. A. 441.

NIXON, P. J.—This case originated in the police court of the city of Carthage, Missouri, on a complaint filed by the city attorney charging the defendant with drinking beer on a public street and sidewalk of said city in violation of ordinance No. 841 of the city of Carthage, which is as follows: (Formal parts omitted).

"An ordinance prohibiting the drinking of intoxicating liquors in stairways, area-ways, streets, avenues, alleys and sidewalks of the city of Carthage.

"Be it ordained by the council of the city of Carthage as follows:—

"Section 1. It shall be unlawful for any person to drink any intoxicating liquors in any quantity in any stairway, area-way, street, avenue or alley or on any sidewalk in the city of Carthage.

"Section 2. Any person violating any of the provisions of the foregoing section shall be deemed guilty of a misdemeanor and upon conviction thereof shall be fined in a sum of not less than one dollar nor more than one hundred dollars.

"Section 3. This ordinance shall be in force and take effect from and after its passage and approval."

At the trial in the police court, the defendant was found guilty as charged, and an appeal was taken to the Jasper Circuit Court. The case was dismissed in the circuit court on account of the ordinance being illegal, the court holding that the appellant city did not have power to enact such an ordinance and that it was therefore void. From this decision, the city appealed to the Kansas City Court of Appeals where the judgment of the trial court was reversed by a majority opinion, ELLISON, J., dissenting. A petition for rehearing was granted and subsequently the cause was certified to this court as provided by law.

We acknowledge our indebtedness to the Kansas City Court of Appeals for their opinions rendered in this case.

The evidence in the case shows,—and the fact is undisputed,—that the defendant violated the ordinance at the times and in the manner charged in the complaint. His counsel say in their statement: "It was his habit for years to go to the saloon next door to his place of business, get a schooner of beer and return to his store-building or to the sidewalk in front and there drink the beer." With the fact conceded that the defendant used a public sidewalk in the business part of the city as a place to quench his thirst by drinking an intoxicating beverage, our sole concern is with the question of whether the ordinance subjecting him to a fine for such conduct should be upheld as a police regulation included within the charter powers of the city.

Among the powers granted by the State to cities of the third class—of which the city of Carthage is one—

is the power "to enact ordinances to prohibit and suppress houses of prostitution and other disorderly houses and practices and gambling houses and all kinds of public indecencies." [R. S. 1899, section 5835.] And, in what is called the general welfare clause, section 5834, R. S. 1899, it is provided: "The mayor and council of each city governed by this article shall have the care, management and control of the city and its finances, and shall have power to enact and ordain any and all ordinances not repugnant to the constitution and laws of this State, *and such as they shall deem expedient for the good government of the city, the preservation of peace and good order,* the benefit of trade and commerce, and the health of the inhabitants thereof, and such other ordinances, rules and regulations as may be deemed necessary to carry such powers into effect, and to alter, modify or repeal the same."

Is the ordinance in question a necessary or proper police regulation? Is it to be deemed by the courts as "expedient for the good government of the city, the preservation of peace and good order," or should it be denounced as an unwarrantable invasion of the "personal liberty" of the citizen?

Should we find that the conduct interdicted was a proper subject for police regulation, we think there can be no reasonable question of the power of the city to enact the ordinance under the grant embodied in the provisions of the general welfare clause, though the subject of this precise regulation is not specifically mentioned in the statute. In the case of City v. Schoenbusch, 95 Mo. 618, the Supreme Court said: "General welfare clauses are not useless appendages to the charter powers of municipal corporations. They are designed to confer other powers than those specifically named. The difficulty in making specific enumeration of all such powers as may be properly delegated to municipal corporations renders it necessary to confer such powers in general terms. Ordinances relating to the comfort,

health, good order, convenience and general welfare of the inhabitants are regarded as the exercise of police regulations."

To the same effect was the decision of the Kansas City Court of Appeals in the case of Green City v. Holsinger, 76 Mo. App. 567, where the defendant was convicted under an ordinance prescribing a fine against any one who should be "found intoxicated on the streets." The court, speaking through Judge ELLISON, said: "It is true that there is not found in the charter for towns and villages any specially enumerated power to prohibit drunkenness. But we think sufficient authority for the support of the ordinance is found in the general police power possessed by such villages under section 1672, Revised Statutes 1889. That drunkenness in the public places of a municipality is a matter of police regulation there can be no doubt. The mere fact that power to suppress drunkenness is specifically stated in some charters, does not signify that it is not embraced in the general provision as to police power contained in charters which make no specific mention of such offense."

The doctrine of these cases was applied by the St. Louis Court of Appeals in the case of the city of Lebanon v. Gordon, 99 Mo. App. 277. "There can be no doubt of the authority of the mayor and board of aldermen of a city of the fourth class to pass an ordinance to punish the offense under the general power to pass such ordinances as 'shall be deemed expedient for the good government of the city, the preservation of peace and good order.'"

Yet, notwithstanding the ample power given the city council to pass ordinances for the good government of the city and the preservation of peace and good order, such ordinances are always subject to the construction of the courts. The exercise of the police power given the city must be reasonable, and the courts are required to inquire into the question of the reasonableness of such ordinances to a greater extent than in the case of State

statutes. [1 McClain, Crim. Law, vol. 1, sec. 65; State v. Nelson (Idaho), 67 L. R. A. loc. cit. 811.] And while cities have great powers vested in them to pass ordinances which may be deemed expedient for the good government of the city and for the preservation of its peace and good order, there are certain fixed restrictions upon the exercise of this power, and against the enactment of oppressive ordinances under the guise of protecting the general public in their morals, peace and order. Municipalities are not guardians of morals, as such, and therefore may not unduly interfere with the liberty of the citizens by ordinances forbidding acts not unlawful or wrongful per se. [18 Cyclopedia of Law and Procedure, 711.]

In this case, the ordinance covers streets, alleys and sidewalks, which are usually subject to control and regulation by the municipality. But such control and regulation, considered on the broadest terms of public policy, is still subject to the restriction that such regulations must be reasonable. The drinking of intoxicating liquors as a beverage in public places in a city, like public drunkenness, may well be said to be a practice degrading to public morals and an annoyance and inconvenience to citizens in the discharge of their daily duties,—an evil example, and calculated to affect the good order and well being of society, and may well be held to be a subject of such police regulation. [City of Gallatin v. Tarwater, 143 Mo. 40.] Especially would this be true in municipalities which are the center of a large population and in which the chief function of the local government is the preservation of peace and good order. The liberty of the citizen to freely enjoy his faculties is always held to be subject to such restraints as are necessary for the common welfare, and no person has the inherent or natural right to be indecent or offensive to the public on the streets and alleys of a city.

If the ordinance under consideration had been properly drawn and limited to the streets and alleys and

public places, it could be upheld as being reasonable. The power to prevent public drinking on its sidewalks for the reasons stated may be conceded to the city and such practices may well be prohibited by the city by ordinances, provided such ordinances are properly guarded. It will be observed that the ordinance under consideration has a wide range. It makes drinking on streets and alleys an offense; but it goes farther and its inhibition extends to drinking on private property which may be hidden from the public. The extreme breadth of the language of the ordinance, without proviso or exception, condemns it as being unreasonable. "To drink *any* intoxicating liquor in *any* quantity" for any purpose in any part of the city upon its streets and alleys at any time, is very broad language; but when it is further added,—"in any stairway or area-way," the reasonable limit is passed, and it trenches unquestionably upon individual rights and liberty. In every city of the size of the appellant city, there are private stairways leading to a great number of private residences on second floors of buildings where the owner would practically be within the privacy of his own house; and an area-way may as well mean a space within a house as without, and in towns and cities, it generally means a space in basements excavated under a sidewalk, portions of which may be entirely concealed from the public view. And to say that the city may prohibit drinking in places not open to the public, and in which consequently the public morals could not be injuriously affected, would be to allow it to encroach upon the private rights which all governments should hold sacred, although the ordinance was manifestly intended to accomplish a proper and laudable purpose. [St. Louis v. Fitz, 53 Mo. 582; St. Louis v. Roche, 128 Mo. 541; Ex parte Smith, 135 Mo. 223; St. Louis v. Gloner, 210 Mo. 502; Perry Castineau v. Commonwealth of Kentucky, 56 S. W. 705, 49 L. R. A. 111; Hechinger v. City of Mayesville, 57 S. W. 619, 49 L. R. A. 114; State v. Nel-

son (Idaho), 67 L. R. A. 808; In re Ah Jow, 29 Fed. 181; In re Martin L. Sapp, 113 N. W. 261, 12 L. R. A. (N. S.) 441.]

The appellant asked this court to apply the rule that where the provisions of an ordinance are severable, that the whole should not be declared void because a part is invalid, but the void portions should be eliminated and the valid parts upheld and enforced. This rule can not be applied to the provisions of this ordinance for the reason that its several parts are so closely related and integrated into one constituent whole that no separation of the good from the bad can be undertaken. The law has invested the city council with power to adopt ordinances, and in a case like the present, the court should not undertake to discharge that duty.

The judgment of the trial court is affirmed and the defendant discharged. *Cox, J.,* concurs; *Gray, J.,* not sitting.