[Crim. No. 385.  Second Appellate District.—March 16, 1915.]

## In the Matter of the Application of CHARLES WORSHAM, on Habeas Corpus.

MUNICIPAL CORPORATION—INVALID ORDINANCE—PROHIBITING VISITING PLACES WHERE SPIRITUOUS LIQUORS ARE SOLD.—An ordinance of a municipality prohibiting the sale of intoxicating liquors in the city and providing, among other things, that "every person who at any time visits or is present at any places within the city of Whittier, where spirituous, vinous, malt or mixed liquors, or any alcoholic or intoxicating drinks are sold, kept for sale, offered for sale, furnished, distributed, provided, delivered or given away in violation of this ordinance, shall be deemed guilty of a misdemeanor," contains a prohibition which was beyond the power of the city to make.

APPLICATION for a Writ of Habeas Corpus originally made in the District Court of Appeal for the Second Appellate District.

The facts are stated in the opinion of the court.

Russell Graham, for Petitioner.

C. R. Holton, for Respondent.

CONREY, P. J.—The petitioner is in custody of the city marshal of the city of Whittier and is held by virtue of a commitment, on sentence of fine, issued out of the recorder's court of said city. It appears that petitioner was convicted before the recorder of the crime of misdemeanor committed in the city of Whittier. The complaint charged that the defendant did willfully and unlawfully visit a place within the city of Whittier where intoxicating drinks were delivered, divided, and distributed. Ordinance No. 157 of said city is an ordinance prohibiting the sale of intoxicating liquors within the city and, among other things, it is therein provided that "every person who at any time visits or is present at any place within the city of Whittier where spirituous, vinous, malt or mixed liquors, or any alcoholic or intoxicating drinks are sold, kept for sale, offered for sale, furnished, distributed, divided, delivered or given away in violation of this ordinance, shall be deemed guilty of a misdemeanor." This language is very broad and includes every possible case of visiting such a place as that described. It is identical in principle with an ordinance of the city of Modesto which was under consideration in the case of Ah Jow, in the United States circuit court for the district of California, reported in 29 Fed. 181. Referring to words which made any person who visited such room or place as the one described in that case, guilty of a misdemeanor, the court said: "Under this section it would not be lawful for any person, whether Caucasian citizen, or other inhabitant, to enter such a place or drug-store for many of the ordinary and proper purposes of life; as to purchase other goods, to collect bills, or transact any legitimate business. To lawfully prohibit, under penalties, the citizens or inhabitants from entering such a place, innocently, not knowing its character, or for any lawful purpose, and without reference to its object, is, in my judgment, entirely beyond the power of the city of Modesto. It is to prohibit an act which is innocent in itself, and lawful under the general laws of the land, and therefore inconsistent with the laws of the land." We think that the foregoing decision is a correct statement of the law as applicable in the present case. In so ruling we recognize and approve of the decisions in such cases as *Ex parte Meyers*, 7 Cal. App. 528, [94 Pac. 870], and *People* v. *Conness*, 150 Cal. 114, [88 Pac. 821], cited on behalf of respondent. In the first of these two cases the petitioner was held under a charge

that he permitted a minor to remain in and visit a poolroom contrary to the provisions of an ordinance which prohibited the proprietor of such place to permit a minor to remain therein. In *People* v. *Conness*, 150 Cal. 114, [88 Pac. 821], the conviction was under a statute forbidding a man to allow or permit his wife to remain in a house of prostitution. The provisions of the ordinance of the city of Whittier go beyond the limits of the restrictions mentioned in those cases. Being thus general in their terms and intentionally made applicable to all persons and inclusive of all purposes, the attempted prohibition is beyond the power of the city. It will be a very easy matter to amend the ordinance so that it will not violate any law and will still be effective as a prohibition ordinance.

The petitioner is discharged from custody.

James, J., and Shaw, J., concurred.