[Civ. No. 5363.   Fourth Dist.   Mar. 4, 1957.]

ROBERT HAROLD BONWELL, Petitioner and Respondent,
v. THE JUSTICE COURT FOR THE TULARE JU-
DICIAL DISTRICT, Respondent; THE PEOPLE,
Real Party in Interest and Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn,
Assistant Attorney General, and Raymond M. Momboisse,
Deputy Attorney General, for Real Party in Interest and
Appellant.

Clarence B. Knight for Petitioner and Respondent.

No appearance for Respondent.

MUSSELL, J.—On March 7, 1956, a complaint charging
the defendant Robert Harold Bonwell with a violation of
section 11556 of the Health and Safety Code was filed in the
Justice Court for the Tulare Judicial District in the County
of Tulare.  On March 15, 1956, an amended complaint was
filed in said court charging that the defendant was unlawfully
present in a place where marijuana was being unlawfully
used, knowing at such time that marijuana was being unlaw-

fully used in violation of said section 11556 of the Health and Safety Code. Thereafter, a petition for a writ of prohibition was filed in the superior court of said county and on May 1, 1956, the writ was granted. ▇▇ The People of the State of California, the real party in interest, appeal from the order granting the writ and the sole question presented on this appeal is whether or not section 11556 of the Health and Safety Code is constitutional. This section reads as follows:

"*Presence in room or place.* It is unlawful to visit or to be in any room or place where any narcotics are being or have recently been unlawfully smoked or used."

The trial court held that the said section is unconstitutional and we conclude that its holding is correct.

*In the Matter of the Application of Charles Worsham on Habeas Corpus,* 26 Cal.App. 773 [148 P. 526], the complaint filed therein charged that the defendant did wilfully and unlawfully visit a place within the city of Whittier where intoxicating drinks were delivered, divided and distributed in violation of an ordinance providing in part that:

"Every person who at any time visits or is present at any place within the city of Whittier where spirituous, vinous, malt or mixed liquors, or any alcoholic or intoxicating drinks are sold, kept for sale, offered for sale, furnished, distributed, divided, delivered or given away in violation of this ordinance, shall be deemed guilty of a misdemeanor."

The court, in passing upon the validity of the ordinance, said:

"This language is very broad and includes every possible case of visiting such a place as that described. It is identical in principle with an ordinance of the city of Modesto which was under consideration in the case of Ah Jow, in the United States Circuit court for the district of California, reported in 29 Fed. 181. Referring to words which made any person who visited such room or place as the one described in that case, guilty of a misdemeanor, the court said: 'Under this section it would not be lawful for any person, whether Caucasian citizen, or other inhabitant, to enter such a place or drug-store for many of the ordinary and proper purposes of life; as to purchase other goods, to collect bills, or transact any legitimate business. To lawfully prohibit, under penalties, the citizens or inhabitants from entering such a place, innocently, not knowing its character, or for any lawful purpose, and without reference to its object, is, in my judgment,

entirely beyond the power of the city of Modesto. It is to prohibit an act which is innocent in itself, and lawful under the general laws of the land, and therefore inconsistent with the laws of the land.' "

We conclude that the code section involved in the instant case is subject to the same criticism as the ordinance in the Worsham case and that the decision therein is a correct statement of the law as applicable to the present case.

Appellant contends that the statute should be interpreted to read as follows:

"It is unlawful to visit or to be in any room or place where any narcotics are being or have recently been unlawfully smoked and used, *with knowledge that said acts have occurred in said room, that is with knowledge of the nature of the room.*"

However, we are not authorized to add the italicized words to the section and thus rewrite the statute. We are here limited to the construction of the plain language of the section as enacted and to the intention therein expressed. As is said in *People* v. *One 1940 Ford V-8 Coupé,* 36 Cal.2d 471, 475 [224 P.2d 677]:

"In construing the statutory provisions a court is not authorized to insert qualifying provisions not included and may not rewrite the statute to conform to an assumed intention which does not appear from its language. The court is limited to the intention expressed. (*Seaboard Acceptance Corp.* v. *Shay,* 214 Cal. 361, 365-366 [5 P.2d 882]; *People* v. *One 1941 Buick 8 Four Door Sedan,* 63 Cal.App.2d 661, 667 [147 P.2d 401].)"

The order granting the writ of prohibition is affirmed.

Barnard, P. J., and Griffin, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 1, 1957.