STATE of Missouri ex rel. William G. DOORACK and Elige L. Higgins, Plaintiffs-Respondents,

v.

The Honorable Joseph W. LEWIS, Judge of the Police Court of the City of Ladue, St. Louis County, Missouri, Defendant-Appellant.

No. 33261.

St. Louis Court of Appeals.

Missouri.

Jan. 21, 1969.

Motion for Rehearing or to Transfer to Supreme Court Denied March 24, 1969.

Application to Transfer Denied May 12, 1969.

542

Jack F. Allen, Clayton, for defendant-appellant.

William C. Maier, Dubail, Judge & Kilker, St. Louis, for plaintiffs-respondents.

CLEMENS, Commissioner.

The plaintiff-relators prevailed on their petition for prohibition against the defendant police judge. He appeals from the cir-

cuit court's judgment prohibiting him from proceeding in a case wherein relators were charged with violating a city ordinance.

The issue here is the reasonableness of that ordinance, under which the relators as defendants in Ladue's police court are charged with an act of vandalism by tearing down a barricade in a private road. Relators contend the ordinance is "an unreasonable, and therefore void, exercise of the municipal police power granted by the state legislature." This for two reasons: the word "vandalism" is indefinite and embraces damage to anyone's property, including that of the relators themselves; and relators contend the undefined words "defacing, marring, discoloring or damaging" are unduly vague. We deny both contentions, and reverse with instructions to quash the writ of prohibition.

█ Our jurisdiction is not forcibly challenged. In their petition for the writ of prohibition the relators alleged Ladue's ordinance was an unreasonable exercise of its police power and was void for uncertainty. They made no constitutional attack. Despite this, the trial court ruled that the ordinance was "void and unconstitutional." Perhaps because of this ruling both parties' briefs cite textbooks and cases on the constitutionality of ordinances. Since relators' petition for prohibition failed to challenge the ordinance on constitutional grounds, no such issue is preserved for review. (Nemours v. City of Clayton, 351 Mo. 317, 172 S.W.2d 937[8, 9].) Instead, the issue presented below and reviewable here is the application of a police power statute, § 79.470, V.A.M.S., to Ladue's ordinance under which the relators are charged. (Compare City of Carthage v. Block, 139 Mo.App. 386, 123 S.W. 483[1, 2].)

█ We accept relators' contentions that (1) a city's exercise of its police power must be reasonable, (2) an ordinance is unreasonable when it unduly interferes with the liberties of citizens by forbidding otherwise lawful conduct, and (3) where an ordinance is unreasonable on its face, courts will cast it out. (City of Windsor v. Bast, Mo.App., 199 S.W. 722[2]; City of Carthage v. Block, supra, 123 S.W. 483[2, 3].)

We look to the ordinance. Ladue's Ordinance No. 861 was enacted under § 79.-470, V.A.M.S., empowering the city to enact ordinances "for maintaining the peace and good government and welfare of the city." Section 2 declares: "No person shall commit any *act of vandalism* by intentionally *defacing, marring, discoloring or damaging any property,* private or public, real or personal, in the City of Ladue or by intentionally placing or depositing any trash, litter or filth of any kind upon the premises or property, real or personal, of any other person or of any public body." (Our emphasis.)

█ Relators' first charge of unreasonableness is that the ordinance forbids lawful conduct—damaging one's own property. The first part of Section 2 deals with vandalism, the last part with "litter-bugging". Counsel single out the phrase "of any other person" and duel grammatically over whether is applies to the whole ordinance. We need not decide this. Enough that the word "vandalism" restricts the ordinance to damaging other people's property. Relators shrug this off, saying the word "vandalism" embraces all property, even one's own. They say the ordinance is so broad it would penalize a man who cuts down a tree in his own yard. Such a man might be called a wastrel but to call him a vandal would be absurd.

Courts construe words in common use according to their natural and ordinary meaning (St. Louis County v. State Highway Commission, Mo., 409 S.W.2d 149[4]), and take judicial notice of those meanings (City of St. Charles ex rel. Palmer v. Schulte, 305 Mo. 124, 264 S.W. 654[2]). We judicially know the commonly accepted meaning of "vandalism" is the unauthorized damaging of property belonging to *another person,* and conversely

that it does not mean the damaging of one's own property.

The relators cite several dictionary definitions of "vandalism" that make no reference to ownership. The reason for the omission, it seems to us, is that to include it would be redundant. We hold that the ordinance, reasonably construed, applies only to the property of other persons. This refutes relators' contention that the ordinance is unreasonable by forbidding destruction of "any property".

Relators also charge that the undefined words "defacing, marring, discoloring or damaging" are indefinite, thus making the ordinance unreasonable.

They seek to buttress this contention with the case of Diemer v. Weiss, 343 Mo. 626, 122 S.W.2d 922, where an anti-picketing ordinance was declared indefinite and void. There the defendant was charged under an ordinance declaring: "It shall be unlawful for any person * * * to .harass, coerce or damage such employer or his or its business." The court said such a penal ordinance should describe the acts constituting the offense, and that courts will invalidate an enactment when its terms are so uncertain that courts cannot tell what conduct is forbidden. This principle led the court to invalidate the ordinance since it could not tell what acts were prohibited by the words, "harass, coerce or damage such employer or his or its business." Those words are abstract and theoretical.

In contrast, the Ladue ordinance does reasonably describe the acts constituting the offense. It prohibits acts of vandalism by defacing, marring, discoloring or damaging another person's property. These are words of common usage and meaning-

ful to persons of ordinary intelligence, thereby meeting the legal standard for definiteness. (State ex rel. Eagleton v. McQueen, Mo., 378 S.W.2d 449[4].)

In the Diemer case, at 122 S.W.2d l. c. 923, the court acknowledged the limitation upon judicial nullification of legislative acts, saying: " 'A statute cannot be held void for uncertainty, if any reasonable and practical construction can be given to its language. Mere difficulty in ascertaining its meaning or the fact that it is susceptible of different interpretations, will not render it nugatory. Doubts as to its construction will not justify us in disregarding it. It is the bounden duty of the courts to endeavor, by every rule of construction, to ascertain the meaning of, and to give full force and effect to, every enactment of the general assembly not obnoxious to constitutional prohibitions.' " (See, also, State v. Errington, Mo., 355 S.W.2d 952[2–6].)

We have no difficulty in finding that Ladue's ordinance can be intelligently applied in circumstances under which it is designed to operate. It is not unreasonable and the trial court erred in prohibiting its enforcement. The judgment is reversed and the cause is remanded with instructions to the trial court to quash its writ of prohibition.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, judgment is reversed and the cause is remanded with instructions to the trial court to quash its writ of prohibition.

ANDERSON, P. J., and RUDDY and WOLFE, JJ., concur.