[Civ. No. 1046.   Fifth Dist.   Jan. 16, 1970.]

In re DONNA M., a Person Coming Under the Juvenile Court Law.
MERLIN D. WINTER, as Chief Probation Officer, etc.,
Plaintiff and Respondent, v.
DONNA M., Defendant and Appellant.

## Counsel

Anna White Garlund, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Nelson P. Kempsky and Marjory Winston Parker, Deputy Attorneys General, for Plaintiff and Respondent.

## Opinion

**GARGANO, J.**—This case is a companion to *In re Linda D.,* also filed on this date. The background facts are set forth in detail in that opinion and will not be repeated herein. The main difference is that Donna Lynn was not in the Mohler home when the police entered the house at 11:30 p.m. She had left between 10 and 10:30 p.m. and was returning to get her coat and shoes when the police stopped the car in which she was riding and took her and her two companions into custody.

As to this appeal, there is merit to appellant's contention that the evidence is insufficient to sustain the court's order declaring her a ward of the juvenile court on the ground that she violated section 11556 of the Health and Safety Code. While marijuana was found in the Mohler home, the only evidence offered by respondent to prove that it was being smoked when the police officers entered the living room was their testimony that they detected an odor which smelled like burning marijuana emanating from the living room. But, as we have seen, Donna Lynn was not in the house at that time. Thus, to find appellant guilty of violating section 11556, the court had to assume that because marijuana was being smoked when the officers entered the Mohler home, it was also smoked earlier during the evening in Donna Lynn's presence and with her knowledge. Manifestly, these assumptions are based on sheer speculation, nothing more. In fact, if the rationale employed by the court to find appellant

guilty in this case is carried to its logical conclusion, every person who in good faith attends a social gathering and leaves before the crime proscribed by section 11556 is committed can be convicted of a felony on the mere showing that when the police converged at the place where the social gathering was being held the felonious activity was then in progress and that the accused had been there earlier during the evening. We believe that the substantial evidence test is a barrier to this patently absurd result.[1]

As the California Supreme Court held in *People* v. *Bassett*, 69 Cal.2d 122, 139 [70 Cal.Rptr. 193, 443 P.2d 777], for evidence to be substantial, " 'it must be reasonable in nature, credible and of solid value. . . .' "

The order is reversed.

Stone, P. J., and Coakley, J., concurred.

---

[1]For example, see *Bonwell* v. *Justice Court*, 148 Cal.App.2d 906 [307 P.2d 716].