281 So.2d 901 (1973)
James Avant JOLLEY, Petitioner,
v.
CITY OF JACKSONVILLE, Municipal Corporation, Respondent.
No. Q-324.
District Court of Appeal of Florida, First District.
August 30, 1973.
Stephen P. Smith, III, Jacksonville, for petitioner.
Donald G. Nichols, State's Atty., and Martin J. Mickler, Asst. State's Atty., for respondent.
SPECTOR, Judge.
This is a petition for writ of certiorari to review an order of the Circuit Court in and for Duval County, Florida, which affirms *902 petitioner's conviction in the Municipal Court of Jacksonville, Florida, for violating a municipal ordinance prohibiting one's presence in a place where narcotics are being used with knowledge thereof.
The particular ordinance involved reads as follows:
"§ 320.202(1), Ordinance Code, City of Jacksonville, Florida  Visiting or being present in any room, vehicle, or other place where any narcotic drug, barbiturate, central nervous system stimulant or hallucinogenic drug is being unlawfully injected, smoked, swallowed, taken or consumed with the knowledge that such activity is occurring."
While the text of the entire ordinance being considered has not been furnished to the court by counsel, we presume that there is some prefatory language proscribing or condemning the conduct described in the cited section.
The thrust of petitioner's claim of invalidity is that the ordinance in question violates a person's freedom of association. It is further argued that the ordinance impermissibly restrains one in the pursuit of happiness. Due process is said to be violated by the ordinance in that it purports to punish mere presence without participation in criminal conduct.
In People v. Drake (1957), 151 Cal. App.2d 28, 49-50, 310 P.2d 997, and Bonwell v. Justice Court (1957), 148 Cal. App.2d 906, 907-908, 307 P.2d 716, the court held that a statute of that state worded like the Jacksonville ordinance except for the verbiage "with knowledge that such activity is occurring" was unconstitutional because the government cannot constitutionally forbid individuals from entering a place where narcotics are being used if this provision would "prohibit, under penalties, the citizens or inhabitants from entering such a place, innocently, not knowing its character, or for any lawful purpose, and without reference to its object... ." Bonwell v. Justice Court, supra, at p. 907, 307 P.2d at p. 717.
Subsequent to the Bonwell and Drake cases, the California Legislature fortified the statute by adding thereto the verbiage of scienter, and thereafter the court in People v. Brim (1968), 257 Cal. App.2d 839, 842, 65 Cal. Rptr. 265, 266, upheld the constitutionality of the statute as newly worded, stating:
"... A person of common intelligence would understand Section 11556 by its plain meaning is designed for a person like Brim who knowingly, wilfully and intentionally involves himself with unlawful marijuana smoking or using."
In Brim, there was ample evidence that the defendant actually possessed marijuana and had been seen smoking it during a marijuana party in his own apartment.
The California Supreme Court in People v. Cressey, 2 Cal.3d 836, 87 Cal. Rptr. 699, 471 P.2d 19, upheld the California statute and rejected that defendant's contention that the statute continued to be unconstitutional notwithstanding the addition of the scienter requirement. The Cressey court recognized that the California statute could proscribe certain conduct which cannot constitutionally be considered criminal. It recognized that the statute might likewise be subject to certain limitations which otherwise would not obtain if the ordinance were given a literal reading. For example, if one purchases a ticket and enters a motion picture theatre, where one has every right to remain, and midway through the film one views a person in the theatre known to be smoking marijuana, must one leave immediately for fear of prosecution under the ordinance or, alternatively, force the smoker to stop using the narcotic? As observed in Cressey, supra, an individual might find himself in situations, such as at a party, theatre or dance hall, or in a hotel lobby, bus, apartment or taxi, or even in a private automobile, where he had no relation to the acts of others who might be disposed to use marijuana. In those cases where the defendant *903 does not act to aid or assist or abet the perpetration of the crime, he cannot be held guilty of violating a law from the mere fact that he was present and knew of the commission of the crime. Rather, it is the element of participation or acting in concert with or abetting by lending approbation to the violation by one's presence that gives the ordinance its vitality.
It is clear that a person may have the responsibility to prevent the use of a narcotic for illegal purposes in one's own residence or automobile since those are places wherein one has some control over the premises or vehicle and their use. No contention is made in the case at bar that the evidence adduced in the trial court did not support the conviction of the ordinance as applied in this case. There is no contention that the offense in the case at bar occurred at a theatre or in a public conveyance or in a public stadium with the condemned narcotics usage being performed by a stranger. Indeed, the record before us in this certiorari review does not contain the testimony given at the trial. Accordingly, in determining whether the ordinance here involved was constitutionally applied, we must presume the existence of all facts which could reasonably be deduced from the evidence which would enable the ordinance to be constitutionally applied.
In our view, it is perfectly legitimate for a legislative body to enact statutes or ordinances which have as their purpose and goal a prevention of the practice of visiting or being in a place where narcotics are knowingly used unlawfully.
When construed and applied in the manner herein discussed, the ordinance is a valid exercise of governmental authority.
Certiorari denied.
WIGGINTON, Acting C.J., and JOHNSON, J., concur.