VILLAGE OF GREEN CITY, Appellant, **v.** JACOB HOLSINGER, Respondent.

**Kansas City Court of Appeals, November 7, 1898.**

1. **Municipal Corporations:** POWER OF VILLAGES TO PROHIBIT DRUNKENNESS. Villages under section 1672, Revised Statutes 1889, have power to pass ordinances prohibiting drunkenness.

2. ———: VILLAGE COURT: ORAL COMPLAINT: PRESENCE OF DEFENDANT. The marshal of a village has power to make an oral complaint to the police court of such village, provided the defendant is present in court, and the record should recite such presence and not merely the defendant's custody and his plea of not guilty.

*Appeal from the Sullivan Circuit Court.*—HON. W. W. RUCKER, Judge.

AFFIRMED.

WILSON & CLAPP for appellant.

(1) The complaint when made by the marshal need not be in writing, if the defendant be present in court and in custody. R. S. 1889, sec. 1685. (2) The charge is drunk on the streets, *ex vi termini* public places in the village. It is the character of the place, not the particular locality, that constitutes the essence of the offense, and hence it is unnecessary to state that any particular person was disturbed by his person. Gallatin v. Tarwater, 44 S. W. Rep. 750.

(3) The board of trustees has the power to pass such ordinances for the regulation and police of the village as may be necessary, not repugnant to and contrary to the laws of the state. R. S. 1889, sec. 1672. (4) While thus far in this state the legislature has not seen fit to enact a general statute punishing public drunkenness, there can be no doubt of its power to do so, or to delegate that power to its cities and towns. Gallatin v. Tarwater, *supra*. (5) Drunkenness or intoxication, in itself, in a public place, is held to be an offense. 1 Cooley Bl. Comm. [3 Ed.], bk. 1, p. 123; 2 Cooley Bl. Comm., bk. 4, p. 63; Tiedeman's Lim. 302; Bish. Cr. Law [7 Ed.], sec. 403; Tipton v. State, 2 Yerg. 542; State v. Smith, 3 Heisk. 465; Bloomfield v. Trimble, 54 Iowa, 399; Nevada v. Hutchins, 59 Iowa, 506; State v. Garritt, 80 Iowa, 589; State v. Pierce, 65 Iowa, 85; State v. Sevier, 117 Ind. 338; People v. French, 102 N. Y. 587; Com. v. Morrissey, 157 Mass. 471; Hill v. People, 20 N. Y. 363.

W. C. Irwin and J. M. Swallow for respondent.

(1)   We contend that the law as laid down in Gallatin v. Tarwater, 143 Mo. 40, is not applicable to this case. (2) The village of Green City, unlike the city of Gallatin, is acting under a general statute, and the only power or authority conferred by the legislature to the village of Green City, is found in the general clause at the end of section 1672, "may pass what ordinances said board of trustees shall have power," and to pass such other by-laws and ordinances for the regulation and police of such towns and commons thereto appertaining, as they shall deem necessary, not repugnant to, and contrary to the by-laws of this state. In connection with this section we shall call the court's attention to the restrictions placed upon the powers thus

conferred, by section 1902, Revised Statutes, restricting such ordinances to state law upon the same subject. St. Joseph v. Harris, 59 Mo. App. 122; St. Louis v. Fitz, 53 Mo. 582.

ELLISON, J.—Defendant was arrested, tried and convicted of violating an ordinance of the village of Green City prescribing a fine against any one who should be "found intoxicated on the streets" of said village. On appeal to the circuit court the proceedings were dismissed on defendant's motion and the village has appealed.

It is contended that the charter for towns and villages (chapter 30, article 6, Revised Statutes 1889) does not authorize or support the ordinance in question. In the city of Gallatin v. Tarwater, 143 Mo. 405; s. c., 44 S. W. Rep. 750, the supreme court upheld a similar ordinance. But in that case a special charter of the city of Gallatin empowered the municipal authorities to prohibit and punish drunkenness in public places, and it is contended that there is no grant of that power by the legislature to villages. It is true that there is not found in the charter for towns and villages, any specially enumerated power to prohibit drunkenness. But we think sufficient authority for the support of such ordinance is found in the general police power possessed by such villages under section 1672, Revised Statutes 1889. That drunkenness in the public places of a municipality is a matter of police regulation there can be no doubt. The mere fact that the power to suppress drunkenness is specifically stated in some charters, does not signify that it is not embraced in the general provision as to police power contained in charters which make no specific mention of such offense.

(2) Among other grounds stated in the motion to dismiss was one that the complaint did not state facts showing that the chairman of the board of trustees had jurisdiction of the offense.

The complaint was made by the marshal orally under the provisions of section 1685, Revised Statutes 1889. That statute authorizes such complaints. It reads that when the complaint is made by the marshal it need not be in writing if the defendant be *present in court and* in custody. The entry in the docket of the magistrate should show this. Salisbury v. Patterson, 24 Mo. App. 169. But here the complaint by the marshal, as set forth in the docket, charges the offense to have been committed in his presence and continues as follows: "And also having the said Jacob Holsinger in custody, who pleads not guilty, and demands a trial which was granted and said cause was set for trial on the 16th day of May, 1898," etc. This entry does not show that the defendant was present in court. The statute dispenses with a written complaint only on condition that the defendant is not only in custody but also present in court. The latter requisite is not stated. Defendant may have been in the marshal's custody and not in court, and the plea of not guilty may have been made by some one representing him. From the fact that defendant was in custody and that he pleaded not guilty it does not follow that he was present in court when the oral charge was lodged against him. The motion to dismiss was properly sustained and the judgment is affirmed. All concur.