STATE OF MISSOURI, Respondent, v. WILLIAM MAGGARD et al., Appellants.

St. Louis Court of Appeals, May 2, 1899.

1. **Section 3784, Revised Statutes 1889, Construed:** DISTURBING THE PEACE OF A FAMILY. To constitute an offense under this statute the conversation must be loud and offensive or indecent. Held, that the instruction in the case at bar does not define this offense, in that it omits to charge that the conversation was loud, neither does it charge any offense under the law.

2. ——: ——. The word "loud" does not occur in the section as a qualification of the word "indecent" nor as descriptive thereof and to sustain the rulings in the case in hand the words "by loud and" must be interpolated in the third line of the section after the phrase "by loud and unusual or." This is not permissible under any rule of construction applicable to a criminal statute. (Dissenting opinion of Judge Bland.)

3. ——: ——. A family being a group of persons, usually akin to each other, may be known as well by the name or names of one or more of its members, as by its head.

*Appeal from the Texas Circuit Court.*—HON. L. B. WOODSIDE, Judge.

REVERSED AND REMANDED.

GEO. T. MEADOR for respondent.

The record discloses the presence of the defendants at the commencement of the trial, this presence the court will presume to continue throughout the entire proceedings, where the record fails to disclose their absence. R. S. 1889, sec. 4191. The remainder of authorities cited by appellants on this proposition are not in point; they refer to cases where the record fails to disclose the presence of defendants at any stage of the trial. The sentence and judgment of one convicted of a crime may be postponed until a future day or term of court, to suit the convenience of the court, for cause shown. State v. Watson, 95 Mo. 411. In certain cases of misdemeanors judgment and sentence may be passed in the absence of the defendants. Kelley's Crim. Law, sec. 447. This rule certainly applies in this case, as the defendants were only adjudged to pay a fine. State v. Glassner, 7 Mo. App. 572. The instructions given by the court correctly declared the law on all theories of the case presented by the evidence. The term family has no technical meaning and, therefore, requires no technical definition, as clearly appears from the examination of the following authorities: Wade v. Jones, 20 Mo. 75; State v. Slater, 22 Mo. 464, and authorities there cited.

BARTON & DOOLEY for appellants.

The record fails to show that defendants were present when sentence was passed. This necessitates a reversal of the case. Sec. 4191, R. S. 1889; 1 Bishop's (New) Cr. Proc., sec. 268; Mo. Const., art. 11, sec. 22; In re Miller, 44 Mo. App. 125. While the statute does not presume the presence of defendants once shown by the record to have continued until after final sentence, this presumption is overcome by the adjournment of that term of court and the lapse of one year between the trial and sentence. Taking all definitions for family and head of family, two distinct ideas are developed. State v. Slater, 22 Mo. 464; Phillips v. Fergerson, 1 L. R. A. 837; Moyer v. Drummond, 7 L. R. A. 747. The family is an association of individuals based on kinship, regardless of domicile. Or in other words, it is children and the common ancestor is the head of the family. This is the primary meaning, and so they must be construed unless the context shows they are used in a different sense. Phillips v. Fergerson, 1 L. R. A. 837. The family is an organized household. It includes all who live under the same roof with the *pater-familias,* whether children, servants or lodgers. The one who manages and controls its affairs and supplies its wants is the head of the family. The statute viewed as a whole and in the light of history shows clearly to the legal mind that the legislative intent was to protect the home—the organized household rather than dispersed individuals. See State v. Schlottman, 52 Mo. 164; State v. Fogerson, 29 Mo. 416. There was absolutely no evidence in the case tending to prove that Sarah E. Corter had a family in its organic sense. The only evidence on the subject shows conclusively that she had no such family. This is a fatal variance and the cause should be reversed and defendants discharged. Again the expressions family and head of family are purely English and are commonly used in both senses. This ambiguity the court failed to explain. The

preponderance if not all the evidence used as a criterion lead the jury to accept the wrong and primary meaning. Under these circumstances the court should have told the jury what was meant by the word family and what constituted the head of a family. Sess. Acts 1895, page 161; 11 Ency. Pl. and Pr. 228, and cases cited.

BIGGS, J.—The defendants were tried and convicted on an information charging them with disturbing the peace of the family of Sarah E. Corter "by then and there cursing and swearing, by loud and unusual noise, by loud, offensive and indecent conversation, and by threatening, quarreling, challenging and fighting," etc. The jury assessed a fine of $50 against each of the defendants. Judgment was entered in accordance with the verdict and the defendants appealed to this court.

The following instruction is the only one given in which the court undertook to define the offense: "The court instructs the jury that if they believe and find from the evidence that the defendants, William Maggard, Z. Riley, Done Barton and Milton Barton, at and in the county of Texas and state of Missouri, at any time within one year before filing of the information in this case, did willfully disturb the peace of the family of Sarah E. Corter by cursing and swearing and by offensive and indecent conversation, you will find the defendants guilty and assess the punishment of each at imprisonment in the county jail for a term not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment." The word willful, as used in these instructions, means intentional and not accidental. The language of the statute (R. S. 1889, sec. 3784) is: "If any person or persons shall willfully disturb the peace of any neighborhood, or of any family, or of any person, by loud and unusual noise, loud and offensive or indecent conversation, or by threatening, quarreling, challenging or fighting, every person

VOL. 80 app—19

State v. Maggard.

so offending shall, upon conviction, be adjudged guilty of a misdemeanor." To constitute an offense under this statute the conversation must be. loud and offensive or indecent. Nothing is said about swearing. The instruction does not de-

INSTRUCTION.    fine this offense in that it omits to charge that the conversation was loud. Neither does it charge any offense under the law, therefore it was a misdirection. State v. Gallego, 57 Mo. App. 515.

The other objections urged by appellants are not well taken. It may be observed, however, that it is a close question under the evidence whether Mrs. Corter had a family. The weight of the evidence is that she and her children lived with her married son as one family, he being the head.

With the concurrence of the other judges the judgment will be reversed and the cause remanded. It is so ordered. Judge Bond concurs; Judge Bland dissents.

### DISSENTING OPINION BY JUDGE BLAND.

After more mature consideration I withdraw my concurrence, reluctantly given, in the opinion delivered May 2 prox., reversing the judgment and remanding this cause, and dissent thereto for the reason that in my opinion the record contains no reversible error and the judgment of the lower court should be affirmed.

1.    The evidence tends to prove that the defendants went to the place of residence of Sarah E. Corter, and there in her presence and hearing, and in the presence and hearing of other members of the family, used profane and indecent language, by which the peace of Sarah and other members of the family present were disturbed. The court gave the following instruction:

"The court instructs the jury that if they believe and find from the evidence that the defendants, William Maggard, Z. Riley, Don Barton and Milton Barton, at and in the county of

Texas and state of Missouri, at any time within one year before the filing of the information in this case did willfully disturb the peace of the family of Sarah E. Corter by cursing and swearing and by offensive and indecent conversation, you will find the defendants guilty and assess the punishment of each at imprisonment in the county jail for a term not exceeding one year, or by a fine not exceeding five hundred dollars, or by both such fine and imprisonment.

"The word willful, as used in these instructions, means intentional and not accidental."

This instruction, on the authority of State v. Gallego, 57 Mo. App. 515, is condemned because the word loud is not used before the word indecent. The section creating the offense (3784, R. S. 1889) points out seven ways by which the offense may be committed: First, by loud and unusual noise; second, by loud and offensive conversation; third, by indecent conversation without being loud; fourth, by threatening; fifth, by quarrelling; sixth, by challenging, and, seventh, by fighting. The word "loud" does not occur in the section as a qualification of the word "indecent," nor as descriptive thereof, and to sustain the rulings in the Gallego case and the majority opinion in the case in hand the words, "by loud and," must be interpolated in the third line of the section after the phrase "by loud and unusual or." This is not permissible under any rule of construction applicable to a criminal statute. These words are not necessarily implied from a reading of the section, for to so construe the statute would be to impute to the legislative department of the state a purpose to leave unprotected the female members of the families of the state from the insults of the most vulgar and rakish of men. To hold that a vile, foul mouthed brute of a man may with impunity shock the sensibilities of the best and most refined of the female members of our families, provided he is not loud mouthed with his vulgarity, is to impute to the legislature a purpose never contemplated by it, and I am unable to give my sanction to a

construction of the statute that attributes to that body so base a motive.

2.   The words "by cursing and swearing" used in the instruction may be treated as surplusage, in view of the fact that the evidence proves that such indecent language was used by the defendants as to authorize their conviction.

3.   It is also contended by appellants that the evidence proved that Sarah E. Corter was not the head of the family of which she was a member; that no family was named in the information, and that the defendants should have been discharged for this reason.   It is correct pleading and the safer way under the section to designate the family disturbed by its head, but it is not absolutely essential to the validity of an indictment or information for violation of this statute, to so designate it.   A family being a group of persons, usually akin to each other, abiding together under the same roof and under one head, may be known as well by the name or names of one or more of its members as by its head, and any description of the family which points out and informs the defendant of the particular family whose peace he is alleged to have disturbed is sufficient; for if he is fully informed by the designation given, he is not prejudiced, for the reason that another designation should have been given, which would only give him the same information he already has from the description used in the pleading.   It was not shown that the defendants were prejudiced in the least by designating the family as the family of Sarah E. Corter.   She was a member of the family, and the defendants were apprised by the description given what particular family it was, whose peace they were charged to have disturbed, and it is immaterial whether Sarah was or was not its head.   I think that the judgment should be affirmed.