CITY OF GLASGOW, Respondent, v. G. T. BAZAN, Appellant.

Kansas City Court of Appeals, November 3, 1902.

1. **Glasgow: CHARTER: PEACE ORDINANCE.** The special charter of the city of Glasgow confers authority on the council to pass the ordinance set out in the opinion, concerning breaches of the peace.

2. ——: ——: **STATE STATUTE.** The peace ordinance of the city of Glasgow is not in conflict with the general statutes of the State on the same subject, and section 6258, Revised Statutes 1899, does not prevent municipalities from passing ordinances in regard to misdemeanors which have been already regulated by the general statutes.

Appeal from Howard Circuit Court.—*Hon. John A. Hockaday*, Judge.

REVERSED AND REMANDED.

*T. Shackelford* and *E. W. Henry* for appellant.

(1) The complaint is good and fully advises defendant of the charge, and the same being in the words of the ordinance is sufficient. See on this point the following authorities: Gallatin v. Tarwater, 143 Mo. 40; St. Louis v. Knox, 74 Mo. 79; Trenton v. Devorss, 70 Mo. App. 8; St. Louis v. Writzel, 130 Mo. 600; St. Louis v. Smith, 10 Mo. 439; Memphis v. O'Connor,

53 Mo. 468; St. Louis v. Frein, 9 Mo. App. 590; Springfield v. Ford, 40 Mo. App. 586; DeSoto v. Brown, 44 Mo. App. 148.   (2) The right of the city to pass ordinances on the same subject-matter as the State is too firmly settled on now to permit of controversy.  St. Louis v. Bentz, 11 Mo. 61; St. Louis v. Cafferata, 24 Mo. 94; State v. Cowan, 29 Mo. 330; Ex parte Hollwedell, 74 Mo. 395; St. Louis v. Schoenbusch, 95 Mo. 618; State v. Mier, 164 Mo. 610.   (3)   This ordinance of the city was passed by the city in 1873, and put in the revision of 1892 and as to the power to pass the ordinance in question under the charter and general powers of cities, we refer to the following authorities:  1 Dillon on Municipal Corporations (3 Ed.), sec. 141; St. Louis v. Schoenbusch, 95 Mo. 618; Independence v. Moore, 32 Mo. 392; Plattsburg v. Trimble, 46 Mo. App. 461; Tarkio v. Cook, 120 Mo. 1; St. Louis v. Bentz, 11 Mo. 61; State ex rel. Walbridge, 119 Mo. 388; Green City v. Holsinger, 76 Mo. App. 596; Gallatin v. Tarwater, 143 Mo. 42.

*O. S. Barton* for respondent.

(1)   There is nothing in the charter that gives the city authority to pass any such ordinance.  Morley v. Columbia, 88 Mo. 106; City v. Laughlin, 49 Mo. 559; Dillon on Mun. Cor. (3 Ed.), secs. 89, 91.   (2) It is a principle of the common law that the ordinances of a municipal corporation must be consistent with its charter and the State statutes, and must not be repugnant to the legislative policy of the State.  Kansas City v. Hallet, 59 Mo. App. 160.   (3)   There is but one question in this case:  Does the charter give the city the power to pass an ordinance to prevent or punish breaches of the peace?  We say it does not.  Then, as was said by the trial judge, and attempted to be quoted in appellant's statement:  Does the ordinance conform to the State law?  We claim it does not, and the ordinance itself is void.

ELLISON, J.—This case is a prosecution under an ordinance of the city of Glasgow, begun before the mayor. On appeal to the circuit court the case, on motion of defendant, was dismissed and the defendant discharged. The following is the complaint, omitting caption:

"To Mayor, Councilmen and Citizens of the city of Glasgow, Dr.: To violation of an ordinance of said city, entitled 'Misdemeanors,' approved seventh day of March, 1892, ninety dollars. In this to-wit: that the said defendant, on the twelfth day of June, 1902, at the city of Glasgow and within the corporate limits thereof, did then and there unlawfully disturb the peace of others by violent, tumultuous, offensive and obstreperous conduct and carriage, and by assaulting, striking and fighting another contrary to the said ordinance in such case made and provided, and against the peace and dignity of said city."

The following is a copy of the ordinance upon which the complaint is based:

"Whoever shall disturb the peace of others in the city of Glasgow by violent, tumultuous, offensive or obstreperous conduct or carriage, or by loud or unusual noise, or by using profane, obscene or offensive language calculated to provoke a breach of the peace, or by assaulting, striking or fighting another; and whoever shall in the city permit any such conduct in or upon any house or premises owned or possessed by him or under his management or control, so that others in the vicinity are disturbed thereby, shall be deemed guilty of a misdemeanor."

Two reasons are stated by defendant as a ground of dismissal. One that the charter did not give the city power to pass the ordinance, that is to say, that the ordinance was not authorized by the charter of the city. The provisions of the charter cited by either side, as applicable, are as follows:

"Section 10. He (the mayor) may remit fines and forfeitures, grant reprieves and pardons in any case arising under the ordinances of the city: he shall

be a conservator of the peace within the limits of the city.''

The council shall have power:

''Section 13. To regulate the police of the city, and from time to time pass all such ordinances to carry into effect the object of this act and the powers hereby granted, as the good of the inhabitants may require.

''Section 11. The mayor shall be ex-officio justice of the peace within and for the city, and have the same jurisdiction in all cases in the city as justices of the peace shall by the laws of the State for the time have in their respective townships; he shall have the same powers and proceed in the same manner, and be governed in all things by the same rules and proceedings which may be in force for the time regulating justices' courts.''

The police power granted the city authorities by the thirteenth section aforesaid was ample to authorize the council to pass the ordinance for disturbing the peace. Green City v. Holsinger, 76 Mo. App. 567, and authorities cited in appellant's brief.

But it is said that under a recent statute of the State the ordinance must conform to the State law. The statute (sec. 6258, R. S. 1899) is as follows:

''Any municipal corporation in this State, whether under general or special charter, and having authority to pass ordinances regulating subjects, matters and things upon which there is a general law of the State, unless otherwise prescribed or authorized by some special provision of its charter, shall confine and restrict its jurisdiction and the passage of its ordinances to and in conformity with the State law upon the same subject.'' The State law (sec. 2159, R. S. 1899) on the subject of disturbance of the peace is as follows:

''If any person or persons shall willfully disturb the peace of any neighborhood, or of any family, or of any person, by loud and unusual noise, loud and offensive or indecent conversation, or by threatening, quarreling, challenging or fighting, every person so of-

fending shall, upon conviction, be adjudged guilty of a misdemeanor."

We do not understand the statute (sec. 6258) to prevent municipalities from passing ordinances on a subject, or in relation to a misdemeanor which have already been provided for by the general statute. They clearly may do that. City v. Schoenbusch, 95 Mo. 618. The section was only intended to keep city ordinances in harmony with the State law on the same subject, and thus avoid confusion and, perhaps, conflict in the administration of that part of the law. In this case we consider the ordinance aforesaid to be in harmony with the statute. They each, in a general way, cover the same subject and have the same object. There is no conflict between the two laws and certainly the ordinance is not out of harmony with the statute.

We will reverse the judgment and remand the cause to the end that the defendant may be put to trial on the charge aforesaid. All concur.