**STATE of Missouri, Respondent,**

v.

**Herman Charles DEUTSCHMANN,
Appellant.**

**No. 51014.**

Supreme Court of Missouri,

Division No. 1.

July 12, 1965.

Norman H. Anderson, Atty. Gen., Jefferson City, Brick P. Storts, III, Asst. Atty. Gen., for respondent.

No brief filed for appellant.

HOLMAN, Judge.

Defendant was charged with and found guilty of the offense of burglary in the second degree. Since it was alleged and proved that defendant had been convicted of a prior felony the court determined his punishment which was fixed at imprisonment in the penitentiary for a term of eight years. See §§ 560.070, 560.095(2), and 556.-280. (All statutory references are to RSMo 1959, V.A.M.S.) Defendant has appealed.

Defendant was charged with the burglary of a building occupied by Post 3060 of the V.F.W. which was located at 1043 Kienlen Avenue in Hillsdale, St. Louis County, Missouri. The evidence indicated that when the building was closed by an employee on the night of December 2, 1963, all windows and doors were closed and locked. When another employee arrived to open the building at 7 a. m. the next day he found the glass had been broken in a rear door and the hasp used in connection with a padlock thereon had been cut and the door was partly open. Upon entering the building he found that a cigarette machine had been broken into and its coin box was on the floor. The coin box of a coin-operated pool table had been removed from its usual place and was lying on the table. The employee notified the police, and the marshal of Hillsdale and also a detective from the county police arrived in a short time and made an investigation. An expert in identification searched for fingerprints and "lifted" several latent prints from the coin box on the pool table.

Defendant was arrested on January 27, 1964, and his fingerprints were taken. Those prints were admitted in evidence as State's Exhibit 7. Defendant's fingerprints and the prints obtained from the coin box

were compared by David Wendel, a detective with the identification bureau of the county police, who expressed the opinion that the print from defendant's right middle finger was identical with the one taken from the coin box. Enlarged photographs of these two prints were admitted in evidence as State's Exhibit 8.

Sergeant Glen Kirchhoff of the Bureau of Identification of the County Police Department also testified as a fingerprint expert. He stated that fingerprints develop about two months before birth and never change. He also testified as follows: "Q. Through the development of fingerprinting and fingerprint identification, to your knowledge, are there any cases on record where two fingerprints have been found to be identical wherein those prints belong to different individuals? A. No, sir." Sergeant Kirchhoff further testified that he had examined the print from defendant's right middle finger and the one taken from the coin box and that those prints were definitely identical.

No evidence was offered by the defendant.

■ Defendant has filed no brief and we will therefore consider the contentions properly raised in his motion for new trial. State v. Meller, Mo.Sup., 387 S.W.2d 515.

■ We will first consider the assignment that the State failed to make a submissible case. There is no question but that a burglary was proved. However, the evidence connecting defendant with the burglary is circumstantial. In that situation, the facts and circumstances relied upon by the State to establish guilt "must not only be consistent with each other and with the hypothesis of defendant's guilt, but they must also be inconsistent and irreconcilable with his innocence and must point so clearly and satisfactorily to his guilt as to exclude every reasonable hypothesis of innocence." State v. Walker, Mo.Sup., 365 S.W.2d 597, 601. We think the evidence was sufficient to comply with the strict requirements of

the quoted rule. There was evidence that defendant was not a member of Post 3060 and had never been seen in the building as a guest or customer. The coin box of the pool table was not normally placed where customers would touch it. Therefore, when a fingerprint identified as that of defendant was found on the coin box after it had obviously been handled by the burglar, such evidence was not only consistent with the hypothesis of defendant's guilt but inconsistent with any reasonable hypothesis of his innocence. We accordingly rule that the trial court properly overruled defendant's motion for a directed verdict.

■ Another assignment in the motion complains of the action of the court in permitting the witnesses to testify that "the alleged fingerprint found on the scene was the fingerprint of the defendant, for the reason that the proper foundation had not been laid for the answer of the said hypothetical question." An examination of the transcript shows that no objection was made to the testimony of the two witnesses who gave the expert testimony complained of. In that situation the alleged error is not preserved for appellate review. State v. Slaten, Mo.Sup., 252 S.W.2d 330.

Assignment No. 4 is as follows: "The court erred in failing to take judicial notice of the fact that a juror slept during a portion of this trial. This issue is raised by the defendant at this time with the knowledge that there is nothing presently in the record showing such conduct on the part of the juror, but the defendant desires to make a record on this point, and further urges the Court that he was in a tactical position in the trial wherein it was impossible to make a record of this juror's misconduct at the time." Defendant did not mention this matter during the trial and offered no proof of it when the motion for new trial was heard. He did offer to make proof of that fact at the time of allocution but such was denied. At that time the court stated, "I did not know that any juror was sleeping."

We consider the assignment to be without merit. Defendant, having failed to mention the matter during the trial or to offer proof thereof upon the hearing of the motion for new trial, has failed to preserve the alleged error for review. The offer of proof at the time of allocution came too late. Moreover, the specific complaint is that the court erred in failing to take judicial notice of the fact. The judge stated that he did not have knowledge of the alleged fact that the juror was sleeping and hence it is apparent that he could not have taken judicial notice thereof.

Defendant next contends that the court erred in admitting in evidence State's Exhibits 6, 7, and 8 for the reason that a proper foundation had not been laid for their introduction and a proper chain of custody had not been established. Exhibit 6 is the fingerprint which was taken from the coin box. Exhibit 7 is the card containing all of defendant's fingerprints. No objection was made to the admission of either of those exhibits and hence the assignment of error, made for the first time in the motion for new trial, must be denied. Exhibit 8 is an enlarged photograph of the print taken from the coin box (No. 6) and the print of defendant's right middle finger taken from Exhibit 7. When Exhibit 8 was first offered defendant objected that there had not been proof as to who took the photographs and as to how the exhibit had been prepared. Thereafter, the witness testified in detail as to the photography and manner of preparing the exhibit. When the exhibit was again offered no objection was made. In that situation it is apparent that no error occurred in admitting the exhibit in evidence.

Instruction No. 2 reads as follows: "You are instructed that the intent with which an act is done is one of the facts for you to determine from all the evidence in this case. This intent need not be proved by direct and positive testimony, but in the absence of such testimony, it may be inferred by you from all the facts and circumstances in evidence surrounding and attending the act having reference to and bearing upon the question of intent, if you find and believe from the evidence beyond a reasonable doubt that such facts and circumstances have been proved in this case." Defendant contends the court erred in giving that instruction because "the State's case was based solely on circumstantial evidence and in such a case it is improper to permit the jury to infer any necessary element of the crime, they being required to preclude any other reasonable hypothesis other than defendant's guilt." The giving of an almost identical instruction was approved in State v. Mulconry, Mo.Sup., 270 S.W. 375[8]. It is elementary that intent need not be proved by direct testimony but may be inferred from the facts and circumstances. State v. Smith, Mo.Sup., 357 S.W.2d 120. The court in this case properly gave an instruction on circumstantial evidence. It was also proper to give Instruction No. 2 on the question of intent. Those two instructions are not in conflict and neither diminished the effect of the other. We accordingly rule that the court did not err in giving Instruction No. 2.

Defendant also contends that the court erred in giving Instruction No. 4 which is the usual instruction on burden of proof given in most criminal cases. His complaint relates to the portion which reads, "* * * but a doubt to authorize an acquittal on that ground ought to be a substantial doubt touching the defendant's guilt, and not a mere possibility of his innocence." It is said that that language "tends to lessen the burden of proof required of the State." The instruction here involved has been repeatedly approved by this court. The contention heretofore stated, and similar contentions, have been ruled adversely to defendant in State v. Stogsdill, 324 Mo. 105, 23 S.W.2d 22[7]; State v. Turner, Mo.Sup., 320 S.W.2d 579 [10]; and State v. Williams, Mo.Sup., 376 S.W.2d 133[3]. This point is without merit and is disallowed.

■ Assignment No. 7 alleges that the court erred in giving Instructions 5, 6, 7, and 8 because they "did not fully, correctly and adequately state the law of the case." This assignment is too general to preserve anything for appellate review. State v. Pinkerman, Mo.Sup., 349 S.W.2d 951[2]; State v. Johnstone, Mo.Sup., 335 S.W.2d 199[11].

■ We will next consider the assignments relating to alleged errors occurring during the argument of counsel. During his argument defendant's attorney stated that the county police department had defendant's fingerprints on file on December 3, 1963. The court sustained an objection to the effect that such was not the evidence and instructed the jury to disregard the statement. Defendant contends that the court erred in that ruling. An examination of the transcript discloses that defendant was in error and that the court ruled correctly. Sergeant Kirchhoff (whom defendant said gave the testimony) actually testified as follows: "Q. Do you know, Sergeant Kirchhoff—you are in charge of the records there—whether on December 3, 1963, St. Louis County Police Department had the defendant's fingerprints on file at that time? A. I don't believe they were on file December 3rd." At the time of the ruling heretofore discussed the defendant requested that the court instruct the jurors that it was their prerogative to remember the evidence. The court failed to do so and defendant contends that such was error. We do not agree. It was entirely within the discretion of the court as to whether or not it would give the admonition requested.

■ In his closing argument the assistant prosecuting attorney discussed the argument of defendant in some detail and attempted to answer the same. At one point, after discussing the failure of defendant to prove his contentions, he stated, "[Why] does he wait until the case is entirely finished and then try to confuse you?" The court failed to rule on defend-ant's objection to that statement. A short time later, in continuing his answer to defendant's argument, the State's attorney said, "Why should there be a distortion of the facts?" Defendant objected and requested that "the jury be instructed to remember the evidence." The court overruled the objection but stated, "The jury is the sole judge of the evidence." The defendant contends that the ruling (or failure to rule) on those two objections constituted prejudicial error. It will be noted that defendant did not request a mistrial or that counsel be reprimanded. We also observe that the court complied with the only affirmative relief defendant requested. "Whether or not the remarks of counsel are improper, and whether or not improper remarks are prejudicial under the facts of the particular case * * * are matters which rest very largely within the trial court's discretion, and the appellate court will not interfere unless the record shows an abuse of such discretion to the appellant's prejudice." State v. Green, Mo.Sup., 292 S.W.2d 283, 288. We see nothing in the record before us to indicate that the court abused its discretion in the instances complained of. This assignment is overruled.

■ During his argument the assistant prosecuting attorney also stated, "They knew in December the man that they were looking for." Defendant contends that the court erred in overruling his objection to the effect that such was not supported by the evidence. There was evidence that defendant had been arrested (and, we infer, released) on December 21, 1963. Also, Detective Wendel testified as follows: "Q. And then did you know at the time before Randolph had him in to be fingerprinted on January 27th the man that you were looking for was Deutschmann? A. Yes, sir." While the evidence to support the statement complained of is not specific, we have concluded that it was sufficient to warrant an argument, i. e., a contention that such was the fact. This point is ruled adversely to defendant.

Defendant also contends that the court erred in failing to sustain his objection to the following argument of the assistant prosecuting attorney: "Mr. Shaw says, 'where is the glass?' And then in the other sentence he says, 'undoubtedly something was used other than a bare hand to break the glass.' Do you think that this defendant is going to break the glass by putting all of his prints up there and then pushing it through? And then—Mr. Shaw: That is a misquote. I object to counsel misquoting my argument. It's outside the evidence. I said in lifting the pieces out. I didn't say break the glass with his fist. This is outside certainly the scope of my argument. I object to this. Mr. Settich: I have a note to the effect that Mr. Shaw said 'undoubtedly something else other than the hand was used.' The Court: You may continue your argument." We think the argument complained of was substantially in answer to the following argument of defendant: "The glass had to be removed. Glass doesn't come that cleanly out of a hole. You know that if you have got a broken window. Whoever did it did it so they wouldn't be cut obviously. Where is the glass? It must have been around there. Maybe they found it, maybe they didn't. I don't know. But if they found it his fingerprints weren't on it you can bet your bottom dollar on that." We rule that the court did not err in failing to sustain defendant's objection.

■■ During the argument of defendant's attorney the following occurred: "This bartender with the great memory is the one that thought I tried the preliminary hearing in this case when my assistant Mr. McNary did. Mr. Settich: If your Honor please, there is no evidence in this case * * * who tried the preliminary hearing. For that reason I ask the jury be instructed to disregard it. The Court: Objection will be sustained and the jury is so instructed to disregard the remarks of counsel." Defendant contends the ruling was erroneous and tended to establish "the credence of this witness in the eyes of the jury by the

court." This contention relates to the following testimony by Mr. Benny: "Q. Have you ever seen me before, Mr. Benny? A. Yes. I think last time when the preliminary testimony—Q (by Mr. Shaw). I conducted a preliminary hearing. You say you saw me at the preliminary hearing? A. Yes. Q. What did I do at the preliminary hearing? A. I—oh, I don't remember everything * * * Q. Did I ask you some questions? A. A few questions. Q. Now, Mr. Benny, if I told you that my assistant conducted the preliminary hearing and that I didn't, would that refresh your memory any? A. I don't remember. Q. Well, did I conduct the preliminary hearing over there, Mr. Benny? A. I don't remember; honestly, I don't remember. Q. Well, if I didn't, you were mistaken that I was over there, is that right? A. Perhaps. Q. So, have you ever seen me before? A. No." While it would appear that there was a reasonable basis for defendant's argument it is also true, as the court ruled, that there was no evidence as to who represented defendant at the preliminary hearing. As we have indicated, the court has a wide discretion in keeping oral argument within proper limits. We are of the opinion that the ruling in this instance was not an abuse of discretion and would not constitute reversible error.

■ ■■ Another assignment relates to the following: "Mr. Settich: * * * Mr. Shaw says that there are other types of cases and the court in this case has given a circumstantial evidence instruction. Let me tell you this: the circumstantial evidence instruction in this case was given at the request of the defendant. Mr. Shaw: Your Honor, I am going to object to that. The Court is required under the law to give it in a case of this type. These are the Court's instructions, they are not my instructions. I am going to ask the Court to so admonish Mr. Settich for such a statement. * * * The Court: I have not heard that these were not my instructions. The argument was that it was given at your request. They are the Court's instruc-

tions. The Court has so informed the jury and does so again." Defendant contends that the court's ruling was prejudicial because "said argument could only detract from the importance and respect due an instruction given by the Court; and said error was further compounded by the Court in its comments following said objection, to the effect that said instruction had been submitted by the defendant." We agree that Mr. Settich should not have stated that the instruction was given at the request of defendant. We have the view, however, that the incident did not constitute prejudicial error. In that connection it should be noted that the court did not say that the instruction was given at defendant's request but merely repeated the attorney's statement. Moreover, the court again reiterated that the instructions are the "court's instructions." We think the court's statement would cure any damage that might otherwise have resulted from the statement of the assistant prosecuting attorney.

■ All of the remaining assignments relate to the allegation and proof that defendant had been priorly convicted of a felony and imprisoned therefor. It is first said that the proceeding under § 556.280 violated defendant's constitutional rights because it deprived him of his right to have all factual issues in the case determined by the jury. This and other similar attacks upon the constitutionality of § 556.280 have been ruled adversely to the defendant in the following cases: State v. Morton, Mo. Sup., 338 S.W.2d 858; State v. Griffin, Mo. Sup., 339 S.W.2d 803; State v. Wolfe, Mo. Sup., 343 S.W.2d 10; State v. Williams, Mo.Sup., 343 S.W.2d 58, and State v. Brownridge, Mo., 353 S.W.2d 715. Since the point has been previously decided by this court we need not extend this opinion by further discussion thereof.

■ Section 556.280(2) provides that "[e]vidence of the prior conviction, sentence and subsequent imprisonment or fine, parole, or probation shall be heard and determined by the trial judge, out of the hearing of the jury prior to the submission of the case to the jury, and the court shall enter its findings thereon. If the finding is against the prior conviction, sentence and subsequent imprisonment or fine, parole or probation, then the jury shall determine guilt and punishment as in other cases." The court held a hearing (out of the hearing of the jury) on the issues relating to the prior conviction and imprisonment at the conclusion of the presentation of the State's evidence. Defendant now contends that said hearing was not held at the proper time and hence the court erred. He contends that the hearing should have been conducted and the issues relating to that phase of the case determined before the commencement of the voir dire examination of the jury panel. This for the reason that if the finding is against the prior conviction and imprisonment so that the jury would determine the punishment the defendant would then have the opportunity to examine the veniremen on voir dire relating to the question of punishment. The contention presents an interesting question but it is one which need not be decided in this case. It is our view that defendant is not in a position to raise that question on appeal since the proof clearly showed his prior conviction and imprisonment and his case was actually submitted to the jury for determination of guilt only.

■ Defendant also contends that the court erred in admitting in evidence State's Exhibits 9 and 10 because no proper foundation had been laid for the introduction thereof. We do not know just what deficiency defendant intended to refer to in stating that "the proper foundation had not been laid" for the admission of said exhibits. We have, however, examined the exhibits and find that they were admissible. Exhibit 9 is a certified copy of a judgment of the Circuit Court of the City of St. Louis which discloses that defendant was convicted of assault with intent to rob and sentenced to imprisonment in the Intermediate Reformatory for a term of two years. This

exhibit was duly certified in accordance with the provisions of § 490.130 and hence was properly admitted.

 State's Exhibit 10 is a duly certified copy of a "Certified Transcript of Serial Record" which discloses that defendant was received by the Department of Corrections on June 29, 1954, and was released on September 24, 1955. We have frequently held that such a record is admissible. State v. Burns, Mo.Sup., 328 S.W.2d 711. We rule that the court did not err in admitting Exhibit 10.

 An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error with respect to the sufficiency of the information and verdict. However, in our examination of the transcript we have discovered that the trial court failed to make any finding upon the issue of defendant's prior conviction and imprisonment. As we have stated, the evidence on that issue was offered and admitted and all proceedings occurring thereafter were the same as if affirmative findings had been duly entered. The situation here is similar to that which existed in State v. Collins, Mo.Sup., 383 S.W.2d 747. We think the procedure outlined in Collins should be followed in this case. We therefore declare the sentence herein to be void.

The judgment is reversed and the cause remanded with directions to the court to cause the defendant to be brought before it and to hold a hearing on the issue of the applicability of the Habitual Criminal Statute in this case, at which either side may present additional evidence. If, at the conclusion of said hearing, the court shall enter a finding, as alleged in the amended information, that defendant was duly convicted "of the offense, Assault with Intent to Rob, a felony, and in compliance with said conviction was duly sentenced to serve a term of two years in the Missouri Intermediate Reformatory, and in compliance with said conviction and sentence, the said Herman Charles Deutschmann was duly received at and imprisoned in the said reformatory," the court shall then proceed to pronounce sentence and judgment against defendant, taking all proper procedural steps required therefor by law and the rules of this court. In the alternative, if the Habitual Criminal Statute be found inapplicable to the defendant, the court shall grant him a new trial on all issues.

All concur.