**CITY OF KANSAS CITY, Missouri, Respondent,**

v.

**Kenneth THORPE, Appellant.**

No. 56424.

Supreme Court of Missouri, Division No. 2.

Sept. 10, 1973.

Motion for Rehearing or to Transfer to Court en Bank Denied Oct. 8, 1973.

Aaron A. Wilson, City Counselor, Louis W. Benecke, City Pros., William S. Ferguson, Jr., Asst. City Pros., Kansas City, for respondent.

Richard J. Habiger, The Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant; James L. Muller, Kansas City, of counsel.

FRANK D. CONNETT, Jr., Special Judge.

The defendant had been charged with the violation of Section 26.10(c) of the Ordinances of the City of Kansas City Missouri, which is as follows:

> "Any person who, with intent to provoke a breach of the peace or whereby a breach of the peace may be occasioned, commits any of the following acts shall be deemed to have committed the offense of disorderly conduct: . . . . (c) Congregates with others on a public street and refuses to move on when ordered by the police."

During the first two weeks of September in 1970, there were many fights between groups of black and white students in the vicinity of East High School in Kansas City, Missouri. During this time, Kansas City police had been patrolling the area

and trying to keep peace by keeping the school children moving as they left the school so as to prevent them from congregating in groups. On September 18, 1970, at about 3:30 in the afternoon, about 150 whites had gathered at 20th and Van Brunt Streets and about 25 to 40 blacks had gathered at 20th and Denver. The police officers arrested five students just as school let out and waited on the street for the paddy wagon to arrive. When it arrived a group congregated around them. After placing the five in the paddy wagon, the officers directed the group to move on. When all of them failed to move on, Officer Baker directly requested one young girl to move on, and when she failed to do so, he arrested her and started to put her in the police car. The defendant arrived on the scene at this time. He recognized the girl as a friend of a friend. When the officer attempted to put this girl in the police car, the defendant came up to the other side of the open car door, within six to eight inches of the officer, and began to tell him he could not arrest the girl and that she had not done anything. The officer told him to move on, but he continued to stand there and tell the officer he could not arrest the girl. There were 25 to 40 people there at this time. Officer Baker then arrested the defendant. While in the process of placing him in the paddy wagon, the girl escaped. The defendant's version of this episode is substantially the same, except that he and his witnesses testified that Officer Baker never told the defendant to move on. The case was tried to the court on appeal from the municipal court, and the judge found the order to move on was given and the defendant was guilty and he was fined the sum of twenty dollars.

Appellant-defendant first contends on appeal that this ordinance under which he was convicted is invalid and unconstitutional under the due process clauses of the 14th Amendment of the United States Constitution and Section 10 of Article 1 of the Missouri Constitution, V.A.M.S., 1945, because: (A) It is vague in that proper notice is not provided to the public as to what activity is prohibited or required and fails to provide standards by which a judge or jury might determine guilt; (B) it is overly broad in that it unconstitutionally infringes, abridges and restricts defendant's right to freedom of speech, right to peaceably assemble and right to freedom of association.

Since this appeal involves the construction of the Constitution of the United States and of this state, jurisdiction is in this court. Article V, Section 3 of the Missouri Constitution.

It is apparent from a reading of the ordinance, supra, that it conveys a sufficiently defined warning as to the proscribed conduct when measured by common understanding and practices within the guidelines for determining whether a statute or ordinance is unconstitutionally vague as set out in State v. Crawford, 478 S.W.2d 314 (Mo.1972). However, if the term "breach of the peace" is so broad as to include constitutionally protected rights, then it is unconstitutional.

Defendant has cited many cases from the United States Supreme Court and other federal courts supporting his proposition that vague and overly broad laws are unconstitutional. Cox v. Louisiana, 379 U.S. 536, 85 S.Ct. 453, 13 L.Ed.2d 471 (1965), concerned a state statute almost identical to the Kansas City ordinance now in question, except that the offense was denominated in the Louisiana statute as disturbing the peace and in the Kansas City ordinance it is denominated as disorderly conduct. Both prohibit congregating on public streets with intent to provoke a breach of the peace and refusal to move on when so ordered by the police. The court in the Cox case held that although the second part of the statute, i. e., refusal to move on at the request of the police officer was narrow and specific, the first part "with intent to cause a breach of the peace" was not; and thus the statute was unconstitu-

tionally vague and overly broad because it swept within its broad scope activities that are constitutionally protected free speech and assembly.

From this case and others cited below we have determined that any statute or ordinance providing for punishment for a breach of the peace is unconstitutionally broad and vague if by its terms a person could be punished for exercising his right to freedom of speech and assembly as protected by the First Amendment of the United States Constitution and guaranteed by the 14th Amendment. Terminello v. Chicago, 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); Edwards v. South Carolina, 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); Ashton v. Kentucky, 384 U.S. 195, 86 S.Ct. 1407, 16 L.Ed.2d 469 (1966); Gooding v. Wilson, 405 U.S. 518, 92 S.Ct. 1103, 31 L.Ed.2d 408 (1972). Further, it is irrelevant whether or not defendant's actions were in the exercise of a constitutionally protected right if the law by which he was prosecuted could be interpreted so as to prohibit the exercise of a constitutionally protected right. The law still must be stricken. Gooding v. Wilson, supra, at page 521, 92 S.Ct. 1103; Coates v. City of Cincinnati, 402 U.S. 611, 91 S.Ct. 1686, 29 L.Ed.2d 214 (1971). However, if the law is narrow and limited in its terms to action or speech which is not constitutionally protected, it is not overly broad and vague and in violation of the Constitution. Chaplinsky v. New Hampshire, 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942).

Whether such a statute or ordinance is overly broad or sufficiently narrow depends upon the definition of the term "breach of the peace" by the appellate court of the appropriate state. Thus, in Cox v. Louisiana, supra, 379 U.S. at page 551, 85 S.Ct. at page 462, the court found that the Louisiana Supreme Court had "defined the term 'breach of the peace' as 'to agitate, to arouse from a state of repose, to molest, to interrupt, to hinder, to disquiet.'" The court went on to note that in Edwards v. South Carolina, supra, the "defendants had been convicted of a common-law crime similarly defined by the South Carolina Supreme Court. Both definitions would allow persons to be punished merely for peacefully expressing unpopular views." Ashton v. Kentucky, supra, was a conviction for criminal libel, which had been defined by the trial court as "any writing calculated to create disturbances of the peace, corrupt the public morals, or lead to any act, which, when done, is indictable." The Supreme Court found that since no Kentucky case had defined this crime in understandable terms it was unconstitutionally broad and vague. In Terminello v. Chicago, supra, the defendant Terminello was convicted for an utterance as a breach of the peace, defined by the trial court "if it stirs the public to anger, invites dispute, brings about a condition of unrest, or creates a disturbance, or if it molests the inhabitants in the enjoyment of peace and quiet by arousing alarm." Although no exception was made to the trial court's instruction, the Supreme Court reversed the conviction because the ordinance as construed by the trial court invaded the province of freedom of speech. In Gooding v. Wilson, supra, a Georgia conviction for using to or of another and in his presence opprobrious words or abusive language tending to cause a breach of the peace was overturned because the term "breach of the peace" had not been narrowly defined by the Georgia courts. While in Chaplinsky v. New Hampshire, supra, in construing the phrase "calculated to provoke a breach of the peace" contained in the ordinance in question, the Supreme Court found that the phrase had been construed by the New Hampshire Supreme Court to be limited to so-called "fighting words."

The term "breach of the peace," not having been defined in the Kansas City ordinance in question, we look to the deci-

sions of the appellate courts in this state to see how the term has been defined. If it has been too broadly defined, then the ordinance must fall. However, if it has been narrowly defined, and thus not vague and indefinite and it does not impinge on constitutionally protected rights, it shall stand. Unfortunately, neither party has provided us with any assistance on this vital point. Defendant apparently assumed that breach of the peace in Missouri meant the same as it did in Louisiana, Georgia, South Carolina, Chicago and Kentucky, according to the cases cited above. The city contended that such laws as the ordinance in question are a proper exercise of the police power to maintain public order. And so they may be, but only if they do not infringe upon constitutionally protected expression.

This court in 1913, in a case arising under an ordinance of the City of St. Louis, which concluded with the phrase "calculated to provoke a breach of the peace," in defining the term breach of the peace held it to be "a generic term, and includes all violations of public peace or order, and acts tending to a disturbance thereof. . . . It may consist of such acts as to tend to excite violent resentment. *But unless they tend to excite immediate violence* [emphasis supplied], abusive and insulting language will not constitute a breach of the peace unless so provided by statute." City of St. Louis v. Slupsky, 254 Mo. 309, 162 S.W. 155, 157 (1913).

■ This is the only case we are able to find in which the term "breach of the peace," unlimited by the ordinance or statute using the term, was defined in Missouri. We find no cases of either this court or of a Court of Appeals holding to the contrary. Nor did we find any case where a conviction for breach of the peace was upheld when it involved expression of a constitutionally protected right. See City of Louisiana v. Bottoms, 300 S.W. 316 (Mo.App.1927). We note that our statute

on disturbing the peace, § 562.240, RSMo 1969, V.A.M.S., which has been in effect in substantially the same form for more than one hundred years, has been limited to the prevention of violence. The annotations of the statute show that this statute, being penal in nature, has always been strictly construed; e. g., see State v. Maggard, 80 Mo.App. 286 (1899). Further, it has been since 1889 the law of Missouri that local ordinances on any subject must be in harmony with general law. City of Glasgow v. Bazan, 96 Mo.App. 412, 70 S.W. 257 (1902). It therefore appears and we hold that in Missouri it now is and always has been the law that "breach of the peace," unless otherwise defined in the ordinance or statute using the term, refers only to acts or conduct inciting violence or intended to provoke others to violence.

■ What the Kansas City ordinance in question says, when the term "breach of the peace" is defined as it has heretofore been defined in Missouri, is that any person who with intent to incite to violence congregates with others on a public street and refuses to move on when ordered by the police is guilty of disorderly conduct. This ordinance as so defined does not punish anyone for or deter anyone from exercising any constitutional right.

This case is similar to Feiner v. New York, 340 U.S. 315, 71 S.Ct. 303, 95 L.Ed. 295 (1951). There, one Irving Feiner, standing on a wooden box on a sidewalk, was addressing a crowd in New York City. His remarks were such that after about 30 minutes there was such a feeling in the crowd between those for and those against Feiner that the police stepped in to prevent it from resulting in a fight. An officer asked Feiner three times to get down off of the box, but he refused and continued talking. During this time the crowd was pressing closer around the officer and Feiner. The officer then arrested Feiner. He was charged with violating a New

York statute which provided that any person who with intent to provoke a breach of the peace . . . congregates with others on a public street and refuses to move on when ordered by the police shall be deemed to have committed the offense of disorderly conduct.

Feiner was convicted and appealed to the United States Supreme Court on the ground that his conviction was in violation of his right of free speech. This was denied. The following from the court's opinion at page 320, 71 S.Ct. at page 306 is appropriate to this case: " 'When clear and present danger of riot, disorder, interference with traffic upon the public streets, or other immediate threat to public safety, peace, or order, appears, the power of the State to prevent or punish is obvious.' . . . [T]he conviction of the petitioner for violation of the public peace, order and authority does not exceed the bounds of proper state police action. This Court respects, as it must, the interest of the community in maintaining peace and order on its streets. . . . We cannot say that the preservation of that interest here encroaches on the constitutional rights of this petitioner."

Defendant next contends that his actions were no more than the expression of his right to freedom of speech, assembly and association and there is no proof of his intent to cause a breach of the peace. Freedom of speech does not include putting your face to within eight inches of a policeman's face while he is in the process of making an arrest and telling him over and over that he can't arrest this person.

Defendant argues that the proof of defendant's intent must be such as to preclude any other reasonable hypothesis other than defendant's guilt. This was ruled adversely to defendant's point in State v. Deutschmann, 392 S.W.2d 279, 283 (Mo. 1965), in a case of circumstantial evidence. Here we do not have a circumstantial evidence case.

Intent is generally inferred from the commission of the act. A sane man ordinarily intends the usual and natural consequences of his acts. But since the intent is an essential part of the charge in this case, there is no inference of such intent from the mere acts of the defendant. However, it may be deduced or inferred from the surrounding facts and circumstances of the case. "The intent of a party in the doing of any particular act is seldom susceptible of positive and direct proof. The intent is a mere invisible resolve of the human mind, and ordinarily must be gathered from the acts and conduct of the party charged with the commission of the act." State v. Beverly, 201 Mo. 550, 100 S.W. 463, 465 (1907). It is elementary that intent need not be proved by direct testimony but may be inferred from facts and circumstances. State v. Deutschmann, supra. "Where different inferences are reasonably deducible therefrom, it is for the triers of the facts to determine which inference shall be drawn and we may not cast aside their inference for another of our own choice." State v. Selle, 367 S.W.2d 522, 528 (Mo.1963).

When the facts and circumstances are that the defendant put his face within eight inches of a police officer's face and repeatedly told him that he couldn't arrest this person and that she hadn't done anything wrong, and this occurred in a crowd of people in a tense situation, and when defendant refused to move on when so ordered by the police officer, any jury or judge, as in this case, is warranted in inferring an intent to stir the crowd to violence. What else could a sane person expect under these circumstances?

The transcript in this case shows that the defendant was charged with "Disorderly conduct by congregation (sic) with others on a public street and refusing to move on when ordered by the police, with intent to cause a breach of the peace."

The words "with intent to cause a breach of the peace" are in handwriting different from that of the rest of the charge. The defendant and his attorney have filed affidavits in this court stating that the charge was amended without leave of court after the trial in municipal court and before the transcript on appeal from the municipal court was docketed with the circuit court. They also allege that the information was not read to the defendant in circuit court, and that he did not waive the reading of the information, and further, he did not enter a plea to the charge in the circuit court. The attorney for the city stated in oral argument to this court that the addition is in the handwriting of the assistant city counselor who signed the complaint and must have been done at that time. The complaint did not become an information until signed by the assistant city counselor. Neither the affidavits of the defendant and his attorney nor the oral statement of the attorney for the city in open court is evidence.

■ The record is clear that the defendant went to trial with an attorney on the complete charge in the circuit court without objection to the failure to be formally arraigned and without pleading to the charge. Defendant was tried as if he had been arraigned and entered a plea of not guilty; thus, the failure to read the charge to the defendant and to take his formal plea is not error. Rule 25.04, V.A.M.R.; § 546.020 RSMo 1969, V.A.M.S.; Johnson v. State, 475 S.W.2d 101 (Mo. 1971). Further, we note that defendant's attorney argued vigorously in final argument to the trial court that there was no proof of defendant's intent to cause a breach of the peace.

The judgment of the trial court is affirmed.

HENLEY, P. J., and FINCH, J., concur.

MORGAN, J., not sitting.